## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Oliver Armando Lopez Perez, | ) |
| | ) Case No. 1:26-cv-12268 |
| Petitioner, | ) |
| | ) **PETITION FOR WRIT** |
| v. | ) **OF HABEAS CORPUS** |
| | ) |
| DAVID WESLING, Field Office Director, | ) |
| ANTONE MONIZ, Superintendent, Plymouth | ) |
| County Correctional Facility, | ) |
| TODD LYONS, Acting Director U.S. | ) |
| Immigrations and Customs Enforcement, | ) |
| MARKWAYNE MULLIN, U.S. Secretary | ) Agency Number: 240-488-282 |
| of Homeland Security, | ) |
| TODD BLANCHE, Acting U.S. Attorney General, | ) |
| | ) |
| Respondents. | ) |

## INTRODUCTION

1.      Petitioner Oliver Armando Lopez Perez ("Petitioner" or "Mr. Lopez Perez") has been detained by the Department of Homeland Security ("DHS") since May 15, 2026.

2.      Mr. Lopez Perez is a 24-year-old man from Guatemala. He entered the United States without inspection in approximately 2020.

3.      On May 15, 2026, Mr. Lopez Perez was arrested by federal agents and placed in the custody of U.S. Immigration and Customs Enforcement ("ICE"). He is currently detained at Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts.

4.      Mr. Lopez Perez is present in the United States and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Mr. Lopez Perez was

1

not previously admitted or paroled into the United States and is subject to mandatory detention without a bond hearing by an Immigration Judge.

## **LEGAL FRAMEWORK**

5.       There are two provisions that govern the detention of noncitizens in removal proceedings: 8 U.S.C. §§ 1225 and 1226. On September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision that purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Mr. Lopez Perez. The *Yajure Hurtado* decision represents a dramatic change in long-standing agency interpretation and application of the Immigration and Nationality Act.[1] Because of this change in agency interpretation, any noncitizen who entered "without inspection" is alleged to be detained pursuant to 8 U.S.C. § 1225(b)(2).

6.       On October 30, 2025, this Court certified the following class:

All people who are arrested or detained in Massachusetts, or are detained in a geographical area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court, or who are otherwise subject to the jurisdiction of an Immigration Court located in Massachusetts, where:

(a) the person is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);

(b) for the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States and has not alleged

---

[1] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024). *See also* Order dated Sept. 8, 2025, *Alfredo Jose Jimenez v. FCI Berlin, Warden*, Case No. 25-cv-326-LM-AJ (D.N.H.) (Slip op. at 24, n. 9) ("the court is not persuaded by the BIA's analysis in" *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).

that person was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry "or after continuous detention upon arrival"[2];

(c) the person does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);

(d) the person is not subject to post-final order detention under 8 U.S.C. § 1231; and

(e) the person is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

*Guerrero Orellana v. Moniz*, 808 F. Supp. 3d. 167 (D. Mass. 2025) (*Guerrero Orellana II*)". The parties filed cross-motions for partial summary judgment on the class.

7.      Two months later, this Court denied the government's motion, rejected the Board of Immigration Appeal's decision in *Yajure Hurtado*, and found that "8 U.S.C. § 1225(b)(2)(A) does not authorize the mandatory detention of the class members without a bond hearing." *Guerrero Orellana v. Moniz*, 813 F. Supp. 3d. 185, 189 (D. Mass. 2025) (*Guerrero Orellana III*).

8.      The District Court issued class-wide declaratory judgment, that "the class members are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b)(2)(A), and that they are entitled to an initial custody determination by an immigration officer and, upon request, a custody redetermination (i.e., bond) hearing before an immigration judge." *Guerrero Orellana III*, at 195.

9.      Furthermore, on February 18, 2026, District Court Judge Sunshine Suzanne Sykes of the Central District of California granted Plaintiffs' motion to enforce and issued an order vacating the Board's decision in Matter of Yajure Hurtado.

---

[2] The modification "or after continuous detention upon arrival" was added in *Guerrero Orellana III*. *See Guerrero Orellana III*, at 196.

10. Despite this vacatur, Immigration Judges have continued to deny jurisdiction to hear bond cases to Guerrero Orellana class members.

11. Mr. Lopez Perez is a member of the *Guerrero Orellana* class.

12. Mr. Lopez Perez cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), because Mr. Lopez Perez does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, 805 F. Supp. 3d 139, 174 (D.D.C. 2025).

13. Mr. Lopez Perez cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Mr. Lopez Perez is not currently "seeking admission" to the United States. *Romero,* 795 F.3d at 280-87 (collecting cases).

14. On information and belief, Mr. Lopez Perez was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Mr. Lopez Perez cannot "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody.  Mr. Lopez Perez is not subject to mandatory detention under § 1225 for this reason as well.

15. Instead, as a person arrested inside the United States and held in civil immigration detention, Mr. Lopez Perez is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Guerrero Orellana II*; *Romero*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

16. Mr. Lopez Perez is not subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

4

17. Accordingly, Mr. Lopez Perez is subject to detention, if at all, under 8 U.S.C. § 1226(a).

18. As a person detained under 8 U.S.C. § 1226(a), Mr. Lopez Perez must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

19. Mr. Lopez Perez requests such a bond hearing to be conducted by an Immigration Judge.

20. Upon information and belief, Immigration Judges have been instructed to not follow *Guerrero Orellana III* because the agency claims it is not binding. Mr. Lopez Perez is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Romero*, 795 F.3d at 278-80 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'").

21. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Mr. Lopez Perez, and any attempt to raise such claims would be futile. *See Flores-Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (holding "exhaustion is excused

by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

22.     There is no statutory requirement for Mr. Lopez Perez to exhaust administrative remedies.  *See Gomes v. Hyde,* 804 F. Supp. 3d 265, 272 (D. Mass. 2025) ("[E]xhaustion is not require by statute in this context.")*; Romero,* 795 F.3d at 278-80.

23.     Accordingly, there is no requirement for Mr. Lopez Perez to further exhaust administrative remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

25.     Venue is proper because Mr. Lopez Perez is currently detained in the District of Massachusetts.

## PARTIES

26.     Petitioner Oliver Lopez Perez is a citizen of Guatemala. He is currently detained at Plymouth County Correctional Facility ("PCCF"). He entered the United States without inspection in approximately 2020.

27.     Respondent David Wesling is the New England Field Office Director for ICE. He is a legal custodian of Mr. Lopez Perez and is named in his official capacity.

28.     Respondent Antone Moniz is the Superintendent of Plymouth and has physical and administrative custody over Mr. Lopez Perez. He is named in his official capacity.

29.     Respondent Todd Lyons is the Acting Director of ICE. He is a legal custodian of Mr. Lopez Perez and is named in his official capacity.

30.     Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security. He is a legal custodian of Mr. Lopez Perez and is named in his official capacity.

31.     Respondent Todd Blanche is the Acting Attorney General of the United States and administers the Department of Justice, including EOIR, the BIA, and the Immigration Courts.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of 8 U.S.C. 1226(a) and Associated Regulations**
**(Failure to Provide Bond Hearing)**

32.     Mr. Lopez Perez incorporates by reference the allegations of fact set forth in the preceding paragraphs.

33.     Mr. Lopez Perez may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

34.     Under § 1226(a) and its associated regulations, Mr. Lopez Perez is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

35.     Mr. Lopez Perez has not been, and will not be, provided with a bond hearing as required by law.

36.     Mr. Lopez Perez's continuing detention is therefore unlawful.

### COUNT TWO
**Violation of 8 U.S.C. 1226(a) and Associated Regulations**
**(Failure to Issue Warrant)**

37.     Mr. Lopez Perez incorporates by references the allegations of fact set forth in the preceding paragraphs.

38.     Mr. Lopez Perez may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

39.     Under § 1226(a) and its associated regulations, any detention of Mr. Lopez Perez must be under the authority of Form I-200, Warrant of Arrest.  *See* 8 C.F.R. 1236.1(b).

40.     Upon information and belief, Mr. Lopez Perez was not arrested pursuant to a Form I-200, Warrant of Arrest. *See Rojas Medina v. Moniz*, No. 1:26-cv-11688, Doc. No. 12 (D. Mass. Apr. 15, 2026) (Sorokin, J.); *Nuala Munoz v. Wesling*, No. 1:26-cv-10959, Doc. No. 7 (D. Mass. Feb. 26, 2026) (Murphy, J.).

### COUNT THREE

**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))**

41.     Mr. Lopez Perez incorporates by reference the allegations of fact set forth in the preceding paragraphs.

42.     Because Mr. Lopez Perez is a person arrested inside the United States and are subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Mr. Lopez Perez receives a bond hearing with strong procedural protections.  *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

43.     Mr. Lopez Perez has not been, and will not be, provided with a bond hearing as required by law.

44.     Mr. Lopez Perez's continuing detention is therefore unlawful.

### COUNT FOUR
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

45.     Mr. Lopez Perez incorporates by reference the allegations of fact set forth in the preceding paragraphs.

46.     "In our society liberty is the norm, and detention prior to trial or without trial is the

carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

47.     The Fifth Amendment's Due *Process* Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

48.     "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

49.     "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

50.     The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

9

51.     Mr. Lopez Perez was arrested inside the United States and is being held without being provided any individualized detention hearing.

52.     Mr. Lopez Perez's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

### COUNT FIVE
### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

53.     Mr. Lopez Perez by reference the allegations of fact set forth in the preceding paragraphs.

54.     Because Mr. Lopez Perez is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

55.     Mr. Lopez Perez's detention is therefore unlawful regardless of what statute might apply to purportedly authorize such detention.

### PRAYER FOR RELIEF

Wherefore, Mr. Lopez Perez respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Mr. Lopez Perez shall not be transferred outside the District of Massachusetts;

(3) Declare that Mr. Lopez Perez's detention is unlawful absent a bond hearing before an Immigration Judge;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Mr. Lopez Perez immediately unless a Form I-200 Warrant can be produced;

(5) Provide Mr. Lopez Perez with a bond hearing and order Mr. Lopez Perez's release on conditions the Court deems just and proper;

(6) Order that Respondents shall not retaliate against Mr. Lopez Perez in the bond hearing or otherwise for filing this habeas petition;

(7) Order that Respondents do not re-detain Mr. Lopez Perez if he is released, unless they make an individualized showing of changed circumstances;

(8) Award Mr. Lopez Perez's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(9) Grant any further relief this Court deems just and proper.


Respectfully submitted,


*/s/ Daniela Hargus*
Daniela Hargus, Esq.
BBO# 711041
PAIR Project
98 N. Washington Street, Suite 106
Boston, MA 02114
(978) 502-7448; dhargus@pairproject.org

*Pro bono counsel for Petitioner*

Dated: May 18, 2026

11

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, Daniela Hargus, declare as follows:

I am an attorney admitted to practice law in the Commonwealth of Massachusetts. Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioners, I am making this verification on their behalf. I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 18, 2026.

*/s/ Daniela Hargus*
Daniela Hargus

12

## <u>CERTIFICATE OF SERVICE</u>

I, Daniela Hargus, certify that on this 18th day of May, 2026, I caused a copy of the foregoing Petition to be served on Respondents' counsel via the CM/ECF platform.

*/s/ Daniela Hargus*
Daniela Hargus