UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OLIVER ARMANDO LOPEZ PEREZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:26-cv-12268-IT |
| DAVID WESLING, U.S. Immigration and | * | |
| Customs Enforcement, New England Field | * | |
| Office Director | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER
June 1, 2026

TALWANI, D.J.

Petitioner Oliver Armando Lopez Perez, a citizen of Guatemala, entered the United States without inspection in 2020. Pet. ¶ 2 [Doc. No. 1]. On May 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner. Id. ¶ 3. He is presently in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id.

On May 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks "a bond hearing" pursuant to 8 U.S.C. § 1226(a). Id. ¶ 19. As grounds, Petitioner asserts that his detention violates the Immigration and Nationality Act and his right to due process under the Fifth Amendment to the United States Constitution. Id. ¶¶ 32–55. The court directed Respondents to respond to the Petition and that "[i]f the government contends or has reason to believe that Petitioner may pose a danger to the community if released from custody, the government shall identify those concerns in its answer or response." Order Concerning Serv. of Pet. 2 [Doc. No. 3].

In their abbreviated Response [Doc. No. 6], Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[,

800 F. Supp. 3d 203].” Id. at 1. Respondents thus acknowledge that, “[s]hould the Court follow its reasoning in Doe, it would reach the same result here.” Id. Respondents did not identify any concerns that Petitioner may pose a danger to the community if released from custody.

The court finds that the reasoning in Doe v. Moniz remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals’ decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

Accordingly, the Petition [Doc. No. 1] is GRANTED as follows: No later than June 8, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner’s release would pose a danger or flight risk. Respondents shall submit a status report on this matter no later than June 22, 2026.

IT IS SO ORDERED.

June 1, 2026                                    /s/ Indira Talwani
                                               United States District Judge

2